UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -  x
                                 :
UNITED STATES OF AMERICA         :
                                 :
          - v. -                 :    S1 17 Cr. 61 (LAP)
                                 :
GARY TANNER,                     :
     a/k/a "Brian Wilson," and   :
ANDREW DAVENPORT,                :
                                 :
               Defendants.       :
- - - - - - - - - - - - - - - -  x


**GOVERNMENT'S REQUESTS TO CHARGE**


                         GEOFFREY S. BERMAN
                         United States Attorney
                         Southern District of New
                         York

Robert Allen
Richard Cooper
Amanda Kramer
Assistant United States Attorneys

     - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -  x
                                    :
UNITED STATES OF AMERICA            :
                                    :
           - v. -                   :     S1 17 Cr. 61 (LAP)
                                    :
GARY TANNER,                        :
      a/k/a "Brian Wilson," and     :
ANDREW DAVENPORT,                   :
                                    :
              Defendants.           :
- - - - - - - - - - - - - - - - -  x
```

## GOVERNMENT'S REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its instructions to the jury.  The proposed instructions are based principally on those given in *United States v. Seabrook*, No. 16 Cr. 467 (ALC) (hereinafter "*Seabrook*"); *United States v. Mazer*, S2 11 Cr. 121 (GBD) (hereinafter "*Mazer*"); *United States v. Coll*, 15 Cr. 360 (LAP) (hereinafter "*Coll*"); and *United States v. Stevenson*, 13 Cr. 161 (LAP) (hereinafter "*Stevenson*"), as well as the Memorandum and Order issued in this case on February 23, 2018 [docket no. 84] (hereinafter the "February 2018 Order").

**TABLE OF CONTENTS**

**Request No.**                                                      **Page**

1.  General Requests............................................ 1
2.  The Indictment............................................. 2

**Count One -- Honest Services Wire Fraud Conspiracy**............ 5

3.  The Indictment and the Statute............................. 5
4.  Elements Of Conspiracy..................................... 7
5.  First Element -- Existence of the Conspiracy............... 8
6.  Second Element -- Membership in the Conspiracy............ 11
7.  Time of Conspiracy........................................ 15

**Count Two -- Honest Services Wire Fraud**...................... 16

8.  The Indictment and the Statute............................ 16
9.  Elements of Honest Services Wire Fraud.................... 17
10. First Element of Honest Services Wire Fraud --
    Existence Of Scheme Or Artifice.......................... 18
11. Second Element of Honest Services Wire Fraud --
    Participation in Scheme with Intent to Defraud........... 22
12. Third Element of Honest Services Wire Fraud --
    Materiality.............................................. 25
13. Fourth Element of Honest Services Wire Fraud --
    Use of the Wires......................................... 27
14. Aiding and Abetting Liability............................ 29

**Count Three -- Conspiracy To Violate the Travel Act**.......... 33

15. The Indictment and the Statute............................ 33
16. Elements of the Offense................................... 34
17. Object of the Offense and Elements of the Travel Act...... 36
18. First Element of a Travel Act Violation -- Use of an
    Interstate Facility and Interstate Travel................ 37
19. Second Element of a Travel Act Violation --
    Intent To Engage in Unlawful Activity.................... 39
20. Third Element of a Travel Act Violation --
    Subsequent Act in Furtherance of the Unlawful Activity.... 44

**Count Four -- Conspiracy To Commit Money Laundering**.......... 45

21. The Indictment and the Statute............................ 45
22. Elements of the Offense................................... 46
23. Object of the Conspiracy -- Money Laundering............. 47
24. Elements.................................................. 48
25. First Element............................................. 49
26. Second Element............................................ 51
27. Third Element............................................. 52
28. Fourth Element............................................ 53

**Other Requests**...................................................55

29. Liability For Acts And Declarations Of Co-Conspirators.... 55
30. Conscious Avoidance....................................... 57
31. Venue..................................................... 60
32. Variance in Dates and Amounts............................. 62
33. Persons Not on Trial...................................... 63
34. Defendant's Testimony..................................... 64
35. Defendant's Right Not to Testify.......................... 65
36. Law Enforcement and Government Employee Witnesses......... 66
37. Character Witnesses....................................... 67
38. Preparation of Witnesses.................................. 68
39. False Exculpatory Statements.............................. 69
40. Evidence Obtained From Search............................. 70
41. Uncalled Witnesses -- Equally Available................... 71
42. Charts and Summaries - Admitted As Evidence............... 72
43. Summary Charts - Not Admitted as Evidence................. 73
44. Stipulations............................................. 74
45. Particular Investigative Techniques Not Required.......... 75
46. Sympathy: Oath as Juror................................... 76
47. Conclusion................................................ 77

## REQUEST NO. 1

### General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury;

b.   Evidence;

c.   Rulings on Objections and Evidence;

d.   Jury's Recollection Governs

e.   Note-Taking by Jurors

f.   Duty to Base Verdict on Evidence

g.   Improper Considerations

h.   Statements of Court and Counsel Not Evidence;

i.   Burden of Proof and Presumption of Innocence;

j.   Reasonable Doubt;

k.   Government Treated Like Any Other Party;

l.   Definitions and Examples of Direct and
     Circumstantial Evidence;

m.   Credibility of Witnesses;

n.   Right to See Exhibits and Have Testimony Read During
     Deliberations;

o.   Punishment Is Not To Be Considered by the Jury; and

p.   Verdict of Guilt or Innocence Must Be Unanimous.

## REQUEST NO. 2

### The Indictment

The defendants are formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment consists of charges or accusations.  It is not evidence or proof of these charges.

The Indictment charges the defendants GARY TANNER, a/k/a "Brian Wilson," and ANDREW DAVENPORT in four counts.  Now there are two defendants on trial before you.  Each has been charged with the same crimes.  You must return a separate verdict of guilty or not guilty for each defendant.  In reaching your verdict, bear in mind that guilt is personal and is individual.  Your verdict must be based solely upon the evidence about each defendant.  The case against each defendant stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant should not influence your decision as to any other defendant.

I will, at times, refer to each count by the number assigned to it in the indictment.  You should know, however, that there is no significance to the order of these numbers or the specific number of counts charged.

Count One charges the defendants, GARY TANNER and ANDREW DAVENPORT, with participating in a conspiracy to commit honest

2

services wire fraud, in violation of Section 1349 of Title 18 of the United States Code, from in or about the summer of 2013 through in or about September 2015.

Count Two charges GARY TANNER and ANDREW DAVENPORT with honest services wire fraud, in violation of Sections 1343, 1346, and 2 of Title 18 of the United States Code, from in or about the summer of 2013 through in or about September 2015.  This count alleges that TANNER and DAVENPORT participated in a scheme to defraud, and to deprive Valeant Pharmaceuticals International, Inc. ("Valeant") of its intangible right to TANNER's honest services through DAVENPORT's agreement to pay, and payment of, kickbacks to TANNER in exchange for TANNER taking certain actions and failing to take other actions that betrayed Valeant and helped DAVENPORT and his company, Philidor RX Services ("Philidor").  I will explain to you in detail the law relating to honest services wire fraud, but I want to provide you now a brief explanation of the term "honest services" and how an employer can be defrauded of an employee's honest services.  When an employee of a business takes an action on behalf of a person or entity at least in part because of a concealed bribe or kickback, the employee has breached his duty to his employer.  Thus, the employer is not receiving what it expects and is entitled to, namely, its right to its employee's honest and faithful service.  I will discuss this

3

concept in more detail in a few minutes.

Count Three charges GARY TANNER and ANDREW DAVENPORT with participating in a conspiracy to violate the Travel Act by traveling in interstate commerce or using facilities in interstate commerce to promote, manage, establish, carry on and facilitate commercial bribery, in violation of Section 371 of Title 18 of the United States Code, from in or about the summer of 2013 through in or about September 2015.

Count Four charges GARY TANNER and ANDREW DAVENPORT with participating in a conspiracy to commit money laundering, in violation of Section 1956(h) of Title 18 of the United States Code, from in or about the summer of 2013 through in or about September 2015.

Now, let me explain to you the law on each of these counts.

*Seabrook; Mazer; Coll; Stevenson.* Adapted from Sand, *Modern Federal Jury Instructions*, Instrs. 3-1, 3-5, and 3-7.

### REQUEST NO. 3

### Count One -- Honest Services Wire Fraud Conspiracy
### The Indictment and the Statute

As I said, Count One of the Indictment charges defendants GARY TANNER and ANDREW DAVENPORT with participating in a conspiracy to commit honest services wire fraud. A conspiracy is a kind of criminal partnership -- a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the violation of any specific federal laws, which the law refers to as "substantive crimes."

If a conspiracy exists, even if it should fail in its purpose, it is still punishable as a crime. Indeed, you may find a defendant guilty of conspiracy to commit an offense even though the substantive crime which was the object of the conspiracy was not actually committed. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

Now, although, as I have mentioned, the conspiracy charge

5

in Count One is entirely separate and distinct from the substantive

violation of law charged in Count Two, you may consider proof of the

substantive violation charged in Count Two, if any, as evidence that

the conspiracy charged in Count One existed.

> *Seabrook; Mazer; Coll; Stevenson.*  Adapted from
> Sand, *Modern Federal Jury Instructions*, Instrs.
> 19-1, 19-2.

## REQUEST NO. 4

### Count One -- Honest Services Wire Fraud Conspiracy
### Elements Of Conspiracy

In order to sustain its burden of proof with respect to the conspiracy charged in Count One, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged, that is, an agreement or understanding to use interstate wire communications to violate the law -- here, to execute a scheme to deprive Valeant of its intangible right of honest services; and

Second, that GARY TANNER and ANDREW DAVENPORT knowingly and willfully became members of that conspiracy.

I will explain the elements of honest services wire fraud as I discuss Count Two of the Indictment, which charges GARY TANNER and ANDREW DAVENPORT with the substantive offense of committing honest services wire fraud against Valeant.

*Seabrook; Mazer; Coll; Stevenson.* Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-3.

7

<u>REQUEST NO. 5</u>

<u>Count One -- Honest Services Wire Fraud Conspiracy</u>
<u>First Element -- Existence of the Conspiracy</u>

Starting with the first element, what is a conspiracy?  As I mentioned just a few minutes ago, a conspiracy is an agreement or an understanding between two or more people to accomplish by joint action one or more unlawful purpose.  In this instance, the unlawful purpose alleged to be the object of the conspiracy charged in Count One is the commission of honest services wire fraud.

The gist, or the essence, of the crime of conspiracy is the unlawful agreement of two or more people to violate the law.  As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required for a conspiracy to have existed.

To show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into an express or formal agreement, orally or in writing, stating that they had formed a conspiracy to violate the law.  You need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people

8

to cooperate with each other to accomplish an unlawful act.

It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.  Rather, in determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions and conduct of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose.  The old saying, "actions speak louder than words," applies here.  Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators.  When taken all together and considered as a whole, however, those acts and conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

So, you must first determine whether or not the evidence established beyond a reasonable doubt the existence of the conspiracy charged in the Indictment.  In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from them.  It is sufficient to establish the existence of the conspiracy, as I have already said, if, from the proof of all the relevant facts and circumstances, you

find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way, to accomplish the objective of the conspiracy charged in the Indictment.

<u>Object Of The Conspiracy -- Honest Services Wire Fraud</u>

The object of a conspiracy is the illegal goal that the co-conspirators agreed, or hoped, to achieve.  The conspiracy alleged in Count One of the Indictment had as its object the commission of the crime of honest services wire fraud.  I will explain the law regarding honest services wire fraud later in my instructions.

*Seabrook; Mazer; Coll; Stevenson.*  Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-4.

10

<u>**REQUEST NO. 6**</u>

<u>**Count One -- Honest Services Wire Fraud Conspiracy**</u>
<u>**Second Element -- Membership in the Conspiracy**</u>

If you conclude that the Government has proven beyond a reasonable doubt that the charged conspiracy existed, then you must next determine the second question, whether the defendant you are considering knowingly and willfully joined the conspiracy.  Did he participate in it with knowledge of its unlawful purpose and with a specific intention of furthering its unlawful objective as a participant?

<u>**"Willfully" And "Knowingly" Defined**</u>

An act is done knowingly and willfully if it is done purposefully and deliberately with an intent to do something the law forbids, that is, a defendant's act must have been the product of that defendant's conscious determination rather than the product of a mistake, accident, mere negligence or some other innocent reason.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that it is to say, with a bad purpose either to disobey or disregard the law.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  However, you

11

have before you the evidence of certain acts, conversations, and statements alleged to have been made by, with, or in the presence of GARY TANNER or ANDREW DAVENPORT.  The ultimate facts of knowledge and criminal intent may be established by words and conduct, and all the surrounding circumstances, as well as the rational or logical inferences that may be drawn from the words and conduct.  It is for you to determine whether the Government has established beyond a reasonable doubt such knowledge and intent on the part of the defendant you are considering.

It is not necessary for the Government to show that a defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part.  To have guilty knowledge, the defendant you are considering need not have known the full extent of the conspiracy, or all of the activities of all its participants.  It is not even necessary that the defendant knew every other member of the conspiracy.  Nor is it necessary that the defendant received any monetary benefit from his participation in the conspiracy, or had a financial stake in the outcome.  It is enough if he participated in the conspiracy willfully and knowingly, as I have defined those terms.  While proof of a financial interest in the outcome of the scheme is not essential, if you find that the defendant you are considering had such an interest, that is a factor

12

you may properly consider in determining whether he was a member of the conspiracy.

If you determine that the defendant you are considering became a member of the conspiracy, the duration and extent of the defendant's participation has no bearing on the issue of that defendant's guilt.  He need not have joined the conspiracy at the outset.  He may have joined it at any time -- at the beginning, in the middle, or at the end.

Each member of a conspiracy may perform separate and distinct acts.  Some conspirators play major roles, while others play minor roles.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

However, I want to caution you that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is occurring.  In other words, knowledge of a conspiracy, without agreement to participate in it, is not sufficient.  What is necessary is that a defendant participated in the conspiracy with knowledge of its unlawful purpose, and with an intent to aid in the accomplishment of its unlawful objective.

In sum, the defendant you are considering, with an

13

understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

> *Seabrook*; *Mazer*; *Coll*; *Stevenson*.  Adapted from
> Sand, *Modern Federal Jury Instructions*, Instr.
> 19-6.

**REQUEST NO. 7**

**Count One -- Honest Services Wire Fraud Conspiracy**
**Time of Conspiracy**

The Indictment alleges that the conspiracy charged in Count One existed from at least in or about the summer of 2013, up to and including in or about September 2015.  It is not essential that the Government prove that the conspiracy alleged started and ended within this specific time period.  Indeed, it is sufficient if you find that a conspiracy was formed and that it existed for some time within the period set forth in the Indictment.

*Seabrook; Coll.*  Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3-12.

15

**REQUEST NO. 8**

**Count Two -- Honest Services Wire Fraud
The Indictment and the Statute**

As I just mentioned earlier, the unlawful purpose alleged to be the object of the conspiracy charged in Count One is the commission of honest services wire fraud against Valeant. Count Two alleges that defendants GARY TANNER and ANDREW DAVENPORT committed honest services wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1346.

16

**REQUEST NO. 9**

**Count Two -- Honest Services Wire Fraud**
**Elements of Honest Services Wire Fraud**

In order to establish the offense of honest services wire fraud, the Government must prove the following three elements beyond a reasonable doubt:

First, that there was a scheme or artifice to deprive Valeant of its intangible right to GARY TANNER's honest services through bribery or kickback;

Second, that GARY TANNER and ANDREW DAVENPORT knowingly and willfully participated in the scheme or artifice, with knowledge of its fraudulent nature and with specific intent to defraud;

Third, that the scheme or artifice to defraud involved a material misrepresentation, omission, false statement, false pretense, or concealment of fact; and

Fourth, that in execution of that scheme, GARY TANNER and ANDREW DAVENPORT used, or caused the use by others of, interstate or foreign wires.

*Seabrook; Mazer.* Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-3.

17

**REQUEST NO. 10**

**Count Two -- Honest Services Wire Fraud**
**First Element of Honest Services Wire Fraud -- Existence Of Scheme Or Artifice**

The first element of honest services wire fraud is the existence of a scheme or artifice to defraud Valeant by depriving Valeant of its intangible right to the honest services of GARY TANNER through bribery or kickback.

A "scheme or artifice" is merely a plan for the accomplishment of an object.  A scheme to defraud is any plan, device, or course of action to deprive another of the intangible right of honest services by means of false or fraudulent pretenses, representations, or promises reasonably calculated to deceive persons of average prudence.

To prove that GARY TANNER and ANDREW DAVENPORT committed honest services fraud, the Government must show a *quid pro quo*, that is, that TANNER received a benefit from Davenport or at his direction in exchange for an act performed or promised to be performed, in the course of his employment at Valeant, and that the deprivation of TANNER's honest services was material to Valeant.[1]  The Government is not required to show that TANNER performed, or promised to perform, an act solely because of the benefit.  It is no defense that TANNER

18

may have ultimately chosen to perform the same act even if he had not received, or been promised, a bribe or kickback.  All that is required is that TANNER performed, or promised to perform, the act in question at least in part because of the potential bribe or kickback.[2]

Additionally, the Government is not required to show that any acts TANNER performed, or promised to perform, were contrary to Valeant's interests or caused, or were intended to cause, financial harm to Valeant.  Rather, the only intended loss the Government must prove is Valeant's loss of its intangible right to TANNER's honest services.  However, while the Government need not prove that any actions taken by TANNER were contrary to Valeant's interests, you are instructed that you may consider such evidence, if any, in determining whether TANNER took any action at least in part because of a potential bribe or kickback and not exclusively because it was at the direction, or for the benefit, of Valeant.[3]  In other words, it is not a defense that the promise of anything of value was made to TANNER in exchange for actions that were lawful, desirable, or even beneficial to TANNER's employer, Valeant.[4]

---

[1] February 2018 Order, at 14.
[2] February 2018 Order, at 16.
[3] February 2018 Order, at 16-17.
[4] *Seabrook; Stevenson*.  *See also United States v. Coyne*, 4 F.3d 100, 113 (2d Cir. 1993) (a valid purpose that partially motivates a transaction that is corrupt in part does not insulate participants in

A bribe or kickback is any thing of value, which is solicited, offered, or provided, directly or indirectly, in exchange for taking action in violation of a fiduciary duty owed by that person, whether or not the employee actually accepts the thing of value or ultimately performs the action sought.  TANNER need not have initiated the payments, but he must have known that the payment was made in exchange for influencing his actions based on his position at Valeant.

The Government does not have to prove an explicit promise to perform a particular act or a set number of acts at the time of payment.  It is sufficient if TANNER understood that he was expected as a result of the payment to exercise particular kinds of influence, that is, on behalf of the payor, DAVENPORT, as specific opportunities arose.[5]  Likewise, the improper benefit may consist of money or other

---

an unlawful transaction from criminal liability), *cert. denied*, 510 U.S. 595 (1994); *see also United States v. Woodward*, 149 F.3d 46, 71 (1st Cir. 1998), *cert. denied*, 525 U.S. 1138 (1999) ("[a] defendant may be prosecuted for deprivation of honest services if he has a dual intent, *i.e.*, if he is found to have intended both a lawful and unlawful purpose to some degree.  If the jury finds that an unlawful purpose was present, it may convict the defendant.") (citing *United States v. Greber*, 760 F.2d 68, 72 (3d Cir. 1985), *cert. denied*, 474 U.S. 988 (1985)).

[5] *See United States v. Ganim*, 510 F.3d 134, 142 (2007) ("the requisite quid pro quo for the crimes at issue may be satisfied upon a showing that a government official received a benefit in exchange for his promise to perform official acts or to perform such acts as the opportunities arise.").

financial benefits whether given on a one-time basis or as a stream of payments to TANNER.  The specific transactions comprising the illegal scheme need not match up "this for that."[6]

If you find beyond a reasonable doubt that TANNER has violated the duty to provide honest services by soliciting or receiving corrupt payments, as defined here, alone or with the help of others, then you may find this element satisfied.

> *Seabrook*; adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4.

---

[6] *Stevenson*; *Mazer*.  *See also Ganim, 510 F.3d* at 148 (*quid pro quo* may be established through an ongoing course of conduct -- "'this for these' or 'these for these,' not just 'this for that'") (quoting *United States v. Jennings*, 160 F.3d 1006, 1014 (4th Cir. 1998)).  *See also United States v. Rosen*, 716 F.3d 691, 700 (2d Cir. 2013).  *See also Skilling v. United States*, 130 S. Ct. 2896, 2934 (2010) (citing with approval *United States v. Kemp*, 500 F.3d 257, 281-86 (3d Cir. 2007) and *United States v. Whitfield*, 590 F.3d 325, 352-53 (5th Cir. 2009)).

**REQUEST NO. 11**

**Count Two -- Honest Services Wire Fraud**
**Second Element of Honest Services Wire Fraud -- Participation in**
**Scheme with Intent to Defraud**

The second element of honest services wire fraud is that the defendant participated in the scheme to defraud knowingly, willfully and with specific intent to defraud.

I defined "knowingly" and "willfully" for you in describing the second element of Count One, Conspiracy to Commit Honest Services Wire Fraud. My instructions for that count apply here. Specific intent to defraud means to act knowingly and with the specific intent to deceive for the purpose of depriving Valeant of its right to TANNER's honest services. As I noted with respect to Count One, direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, conduct, and acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

22

As I previously explained, when an employee of a business takes an action on behalf of a person or entity at least in part because of a concealed bribe or kickback, the employee has breached his duty to his employer.  Thus, the employer is not receiving what it expects and is entitled to, namely, its right to its employee's honest and faithful service.

The fact that an employee's conduct violates company rules, policies, or codes of conduct does not necessarily mean that there was a scheme to defraud.  Nor is it sufficient to merely prove that TANNER was engaged in undisclosed self-dealing or failed to disclose a conflict of interest.  However, you may consider any evidence that TANNER intentionally did not disclose, or concealed, material information about a financial or personal conflict of interest,[7] money received, or any behavior indicating consciousness of guilt as evidence of the TANNER's state of mind.  The Government must prove

_____

[7] Adapted from the charge given by the Honorable Valerie E. Caproni in *United States v. Percoco*, 16 Cr. 776 (VEC).  *See also Middlemiss*, 217 F.3d 112, 119-120 (jury can infer criminal intent from nondisclosure of financial interest by public official). *See also United States v. Fernandes*, 272 F.3d 938, 945 (7th Cir. 2001) (cover-up evidence of participation in bribery scheme is probative of intent to defraud). This same evidence also supports the finding that the TANNER had the intent necessary to deceive for a wire fraud conviction. *United States v. Sawyer*, 85 F.3d 713, 732 (1st Cir. 1996) (where public official has affirmative duty to disclose material information, intentional violation of that duty proves deceit) (citations omitted).

23

that TANNER took some actions, at least in part, because of the charged kickback, and that his concealment of the kickback was material to Valeant.[8]

> *Seabrook*.  Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-5.

---

[8] February 2018 Order, at 16.

**REQUEST NO. 12**

**Count Two -- Honest Services Wire Fraud**
**Third Element of Honest Services Wire Fraud -- Materiality**

The third element that the Government must prove beyond a reasonable doubt is that the scheme or artifice to defraud involved a material misrepresentation, false statement, false pretense, or omission.

A statement, representation, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A statement, representation, or document is fraudulent if it was made falsely and with intent to deceive.  Deceitful statements, half-truths, the concealment of facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements. The deception need not be premised on spoken or written words alone. The arrangement of the words or the circumstances in which they are used may convey the false and deceptive appearance.

A representation, statement, false pretense, omission, or concealment of fact is "material" if it would naturally tend to lead or is capable of leading a reasonable employer to change its conduct.[9]

---

[9] *See United States v. Rybicki,* 354 F.3d 124, 145 (2d Cir. 2003) (en banc) ("the misrepresentation or omission at issue for an honest services fraud conviction must be 'material,' such that the

25

The deception need not be premised upon spoken or written words alone.  The arrangement of the words or the circumstances in which they are used may convey the false and deceptive appearance.  For example, the deceit may consist of the concealment of a bribe or kickback that the employee has solicited or received, or the employee's implicit false representation to his employer that he has not solicited or obtained kickbacks in exchange for taking actions on behalf of the person or entity providing the bribes or kickbacks.  If there is deception, the manner in which it is accomplished is immaterial.

It does not matter whether any of the individuals or entities involved might have discovered the fraud had they probed it further.  If you find that a scheme or artifice existed, it is irrelevant whether you believe that any individual or entity involved was careless, gullible, or even negligent.  Furthermore, it is not necessary that the Government prove that the intended victim actually suffered any loss.  It is sufficient for the Government to prove that Valeant did not receive the honest and faithful services of TANNER.

> *Seabrook.*  Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-4.

---

misinformation or omission would naturally tend to lead or is capable of leading a reasonable employer to change its conduct.").

## REQUEST NO. 13

## Count Two -- Honest Services Wire Fraud
## Fourth Element of Honest Services Wire Fraud -- Use of the Wires

Now, the fourth and final element that the Government must establish beyond a reasonable doubt is that interstate or international wire facilities were used in furtherance of the scheme to defraud.  The term "wire facilities" includes telephones, faxes, emails, and wire transfers between banks.  The use of the wire facilities must pass between two or more states, or from outside the United States into the United States or vice versa.

It is not necessary for the defendant you are considering to directly or personally use any wire facility, as long as such use is reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others; and this does not mean that the defendant himself must have specifically authorized others to use a wire facility.  When one does an act with knowledge that the use of the wire will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be

27

used.  Incidentally, this wire use requirement is satisfied even if the wire use was done by a person with no knowledge of the fraudulent scheme, including a victim of the alleged fraud.

The use of the wire need not itself be fraudulent.  Stated another way, the material wired need not contain any fraudulent representation, or even any request for money.  It is sufficient if the wires were used to further or assist in carrying out the scheme to defraud.

Finally, if you find that the wire communication was reasonably foreseeable and that the interstate wire use charged in the Indictment took place, then this element is satisfied even it if was not foreseeable that the wire communication would cross state or national lines.  However, if you find that wire communications were used in furtherance of the scheme to defraud, you must be unanimous as to at least one of the particular interstate or foreign wire communications in furtherance of the scheme that occurred.

> *Seabrook.*  Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-7.

**REQUEST NO. 14**

**Count Two -- Aiding and Abetting Liability**

Now, in addition to charging the defendants with committing honest services fraud, Count Two of the Indictment also charges the defendants with what is called aiding and abetting others in the commission of honest services wire fraud. Aiding and abetting liability is its own theory of criminal liability. A defendant can be convicted of committing a crime if he did not commit the crime himself, but helped someone else to commit the crime. If the Government proves beyond a reasonable doubt that the defendant you are considering committed the honest services wire fraud charged in Count Two, then you need not consider aiding and abetting wire fraud with respect to that defendant.

If, however, you find that the Government did not prove beyond a reasonable doubt that the defendant you are considering himself committed the honest services wire fraud that is charged in Count Two, you should consider whether the Government has nonetheless proved beyond a reasonable doubt that that defendant aided and abetted someone else in the commission of the honest services wire fraud charged in Count Two.

Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands, induces or procures" the commission

29

of an offense is punishable as a principal.  A person who aids and abets another to commit a substantive crime like honest services wire fraud is just as guilty of that crime as if he had personally committed it. You may thus find the defendant you are considering guilty of honest services wire fraud if you find beyond a reasonable doubt that the Government has proven that another person actually committed the wire fraud, and that the defendant you are considering helped or assisted that person in the commission of the offense.

The first requirement of aiding and abetting liability is that somebody else has committed the crime at issue -- honest services wire fraud as charged in Count Two.  The defendant cannot be convicted of aiding and abetting if nobody committed the underlying crime.  But if you do find that the underlying crime at issue was committed by someone other than the defendant you are considering, you should consider whether that defendant aided or abetted the person who actually committed the honest services wire fraud.

To aid and abet another to commit a crime, the defendant you are considering must have willfully and knowingly associated himself in some way with the crime, and he must have willfully and knowingly sought by some act to help make the crime succeed. Participation in a crime is willful if action is taken voluntarily and intentionally.

30

The mere presence of a defendant in a place where a crime is being committed, even coupled with knowledge that a crime is being committed, is not enough to make him an aider and abettor.  A defendant's acquiescence in the criminal conduct of others, even with guilty knowledge, is not enough to establish aiding and abetting.  An aider and abettor must have his own affirmative interest in the criminal venture.

To determine whether the defendant you are considering aided and abetted the commission of the crime, ask yourself these questions:

Did someone other than the defendant you are considering commit the crime at issue—the crime of honest services wire fraud?

If so, did the defendant you are considering participate in that crime charged as something that he wished to bring about?

Did he associate himself with the attempt to commit honest services wire fraud by other people knowingly and willfully?

Did he seek by his actions to make their criminal venture succeed?

If so, he is an aider and abettor, and therefore he is guilty of the offense under consideration.  If not, then he is not an

aider and abettor, and he is not guilty of the offense under consideration.

> *Seabrook;* Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 11-2.

**REQUEST NO. 15**

**Count Three -- Conspiracy To Violate the Travel Act
The Indictment and the Statute**

Count Three of the Indictment charges both defendants, GARY TANNER and ANDREW DAVENPORT, with conspiracy to violate the Travel Act, which makes it illegal to travel across state lines or use a facility of interstate commerce for the purpose of carrying on certain unlawful activities, including commercial bribery.

As I instructed you with regard to Count One of the Indictment, a conspiracy is a kind of criminal partnership -- a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

## REQUEST NO. 16

### Count Three -- Conspiracy To Violate the Travel Act
### Elements of the Offense

As to Count Three, the Government must prove the following three elements beyond a reasonable doubt:

First, the existence of the conspiracy charged, that is, an agreement or understanding to violate the law;

Second, that the defendant you are considering knowingly became a member of that conspiracy; and

Third, that any one of the conspirators -- not necessarily the defendant you are considering, but any one of the parties involved in the conspiracy -- knowingly committed at least one overt act in furtherance of the conspiracy during the life of the conspiracy.

The meaning of the first two elements is the same as I instructed you with regard to Count One.

The third element that the Government must prove beyond a reasonable doubt is that some member of the conspiracy knowingly committed at least one overt act in furtherance of the conspiracy. An overt act is any act intended to help achieve the object of the conspiracy. An overt act, itself, need not be a criminal act, but it must contribute to the goals of the conspiracy. The overt act

34

requirement can be met, even if the fraudulent scheme is never actually carried out.

*Coll.*

## REQUEST NO. 17

## Count Three -- Conspiracy To Violate the Travel Act
## Object of the Offense and Elements of the Travel Act

The object of the conspiracy alleged in Count Three of the Indictment is to violate the Travel Act, which makes it a federal crime for anyone to use a facility of interstate commerce for the purpose of carrying on certain unlawful activities.

In order to prove that the defendant conspired to violate the Travel Act, the Government must establish beyond a reasonable doubt that that defendant agreed to accomplish each of the following elements of the Travel Act:

First, that a conspirator would travel across state lines or use or cause someone else to use an interstate facility;

Second, that this interstate travel or use of an interstate facility would be done with the intent to promote, manage, establish or carry on an unlawful activity – here, commercial bribery; and

Third, that after this interstate travel or use of an interstate facility, a conspirator would perform or attempt to perform an act in furtherance of this same unlawful activity.


*Mazer; Stevenson.*

36

## REQUEST NO. 18

### Count Three -- Conspiracy To Violate the Travel Act
### First Element of a Travel Act Violation -- Use of an Interstate Facility and Interstate Travel

The first element of a Travel Act violation is that the defendant or a co-conspirator traveled across state lines or used or caused someone else to use an interstate facility.  An interstate facility is any vehicle or instrument that crosses state lines in the course of commerce.  Interstate travel is simply travel between one state and any other state, or between the United States and any foreign country.  For example, driving from one state to another as part of the scheme, interstate wire transfers of money, emails and telephone calls between states, and any use of the United States mail constitutes the use of an interstate facility.

The defendants have been charged with a conspiracy that involves the wiring and sending of money across state lines, the making of telephone calls and the sending of emails, and interstate travel.  If the Government has proven these facts beyond a reasonable doubt, then you may find that it has proved the first element of a Travel Act violation.

The Travel act does not require that a defendant himself use an interstate facility.  The Travel Act also applies to a person who causes another person to use an interstate facility.  The

37

Government also does not have to prove that the defendant you are considering knew that interstate travel or use of an interstate facility would occur.  It is sufficient that the unlawful activity agreed to by the defendant you are considering would cause the interstate travel or use of an interstate facility.

*Mazer; Stevenson.*

**REQUEST NO. 19**

**Second Element of a Travel Act Violation: Intent To Engage in Unlawful Activity**

The second element of the Travel Act is that the use of an interstate facility or interstate travel was done with the intent to promote, manage, establish or carry on an unlawful activity – here, commercial bribery.  It is not enough for the Government to prove only that the defendant you are considering agreed to travel between states or agreed to use an interstate facility.  The Government must also prove that the defendant you are considering agreed to use the interstate facility for the purpose of facilitating the unlawful activity.

It is also not enough for the Government to prove that the defendant you are considering was involved in some unlawful activity and also happened to travel between states or use an interstate facility, or simply that the defendant you are considering used an interstate facility and accidently furthered the unlawful activity. The defendant you are considering must have intended the advancement of the unlawful activity to result from the use of the interstate facility or from the interstate travel.

The Government does not have to prove that the furtherance of the unlawful activity was the sole purpose in using an interstate facility. It is sufficient if the Government proves that one of the

39

reasons for agreeing to use an interstate facility was to further the unlawful activity. Thus, if you find that the defendant you are considering or a co-conspirator agreed to use interstate facilities with the intent to facilitate the unlawful activity, and you also find that the defendant you are considering or co-conspirator agreed to undertake this same use of interstate facilities for other reasons that have nothing to do with the unlawful activity, you may still find that the Government has met its burden of proof on the second element of the offense.

You are thus being asked to look into the mind of the defendant you are considering and ask what was his or the co-conspirator's purpose in agreeing to use interstate facilities. You may determine intent of the defendant you are considering from all the evidence that has been placed before you, including the statements of the defendant you are considering and his conduct before and after the use of the facilities.

As I have instructed you, the Government must prove that the defendant intended the use of interstate facilities to facilitate or further the unlawful activity. The Government does not, however, have to prove that the use of interstate facilities was essential to the unlawful activity or fundamental to the unlawful scheme, or that the unlawful activity could not have been accomplished without the

use of interstate facilities.

So long as the Government proves that the defendant you are considering agreed to travel interstate or cause interstate travel, or use or cause the use of interstate facilities with the necessary unlawful intent, the Government may rely on any use of interstate facilities by the defendant you are considering that made the unlawful activity easier to accomplish.

### Required Knowledge

The Government must prove that the defendant you are considering agreed to use an interstate facility with the intent to facilitate an activity which the defendant you are considering knew was illegal.  The Government does not have to prove that the defendant you are considering knew that his use of facilities was illegal.  However, the Government must prove beyond a reasonable doubt that the defendant you are considering knew that the activity he intended to facilitate was illegal. Thus, if the defendant you are considering agreed to use interstate facilities intending to facilitate a business deal, but he did not know that the deal was illegal or involved unlawful activity, then you must find the defendant you are considering not guilty.

### State Crime Is an Element of the Travel Act

The defendants have been charged with conspiring to use an

41

interstate facility to facilitate their payment or receipt of bribes
as charged in the Indictment.  The Government must prove to you
beyond a reasonable doubt that the activities the defendants intended
to facilitate were, in fact, unlawful under the state law at issue –
here, New York's commercial bribery law.

Under New York law a person is guilty of commercial bribery
in the second degree when he either (a) offers or pays bribes by
conferring or offering or agreeing to confer any benefit upon any
employee, agent, or fiduciary without the consent of the latter's
employer or principal, with intent to influence his conduct in
relation to his employer's or principal's affairs; or (b) solicits or
receives bribes by soliciting, accepting or agreeing to accept any
benefit from another person upon an agreement or understanding that
such benefit will influence his conduct in relation to his employer's
or principal's affairs without the consent of his employer
or principal. (*See* New York Penal Law Sections 180.00 and 180.05).

Under New York law, the elements of commercial bribery in
the second degree are as follows:

First, for the one doing the bribing, that the defendant
offered to, agreed to, or did, in fact, confer a benefit upon another
person; and for the one being bribed, that the defendant solicited or
received a benefit from another person.

42

Second, that at the time the benefit was offered or received, the person who was to receive that benefit was the agent or fiduciary of another.

Third, that the person who was to receive the benefit did not have the consent of his principal to receive the benefit. A principal is one who has permitted or directed another to act for his benefit that is subject to his direction and control.

Fourth, that this benefit was offered to, agreed to be conferred upon or conferred upon, the agent or fiduciary with the intent to influence the conduct of the agent or fiduciary in relation to his principal's affairs.

In this case, the Government alleges that GARY TANNER and ANDREW DAVENPORT conspired to commit commercial bribery in violation of New York law because, as alleged by the Government, ANDREW DAVENPORT paid kickbacks to GARY TANNER in an effort to influence his conduct as an agent for Valeant, and GARY TANNER solicited and received these kickbacks, without the consent of Valeant.

> *Mazer; Stevenson.*   Adapted   from   Sand, *Modern Federal Jury Instructions*, Instrs. 60-2, 60-3, 60-4, 60-6, 60-7, 60-8, 60-9, 60-10, 60-12.

**REQUEST NO. 20**

**Third Element of a Travel Act Violation -- Subsequent Act in**

**Furtherance of the Unlawful Activity**

The third element that the Government must prove is that the defendants conspired to engage in interstate travel or use of an interstate facility that was followed by a conspirator's performance or attempted performance of an act in furtherance of the unlawful activity.  This act need not itself be unlawful.  However, this act must come after the interstate travel or use of an interstate facility.  Any act that would happen before the interstate travel or use of an interstate facility cannot satisfy this element.

*Mazer; Stevenson.*  Adapted from  Sand, *Modern Federal Jury Instructions*, Instrs. 60-2, 60-3, 60-4, 60-6, 60-7, 60-8, 60-9, 60-10, 60-12.

44

**REQUEST NO. 21**

**Count Four -- Conspiracy To Commit Money Laundering
The Indictment and the Statute**

Count Four of the Indictment charges GARY TANNER and ANDREW DAVENPORT with participating in a conspiracy to commit money laundering.

Specifically, Count Four charges GARY TANNER and ANDREW DAVENPORT, the defendants, with conspiring to commit money laundering from in or about Summer of 2013 through in or about September 2015, by agreeing to launder the proceeds of the honest services wire fraud and Travel Act schemes charged in Counts One through Three of the Indictment, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## REQUEST NO. 22

### Count Four -- Conspiracy To Commit Money Laundering
### Elements of the Offenses

We have already discussed the elements of a conspiracy with respect to several previous counts of the Indictment.  The elements of the money laundering conspiracy charged in Count Four are:

First, that two or more persons entered into an unlawful agreement to violate specified laws of the United States prohibiting money laundering; and

Second, that the defendant you are considering knowingly and willfully entered into the agreement.

The elements of the conspiracy charged in Count Four are the same as the elements the Government is required to prove with regard to the conspiracy alleged in Counts One -- namely, the existence of an agreement to violate the law and the knowing and willful entry of the considered defendant into that agreement.  The Government does not need to prove any overt act in furtherance of the agreement to violate the money laundering laws, so long as the Government proves, as I have explained, the existence of the conspiracy charged in the Indictment and that the defendant you are considering was a knowing and intentional member of the conspiracy.


*Mazer.*

46

## REQUEST NO. 23

### Count Four -- Conspiracy To Commit Money Laundering
### Object of the Conspiracy -- Money Laundering

I will now address the object of the conspiracy alleged in Count Four. The object of this conspiracy is to violate Section 1956(a)(1)(B)(i) of Title 18 of the United States Code, which prohibits what is known as "concealment" money laundering.

Specifically, Count Four alleges that GARY TANNER and ANDREW DAVENPORT conspired to engage in financial transactions involving proceeds of the fraud and kickback schemes with which they are charged in Counts One, Two, and Three of the Indictment, for the purpose of concealing and disguising the source, the ownership, or the control of the funds, in violation of Section 1956(a)(1)(B)(i).

*Mazer.*

**REQUEST NO. 24**

**Count Four -- Money Laundering
Elements**

The object of Count Four is concealment money laundering.
Concealment money laundering has the following elements:

First, that the defendant knowingly conducted or attempted
to conduct a "financial transaction."  That financial transaction
must in some way or degree affect interstate or foreign commerce.

Second, that the defendant conducted or attempted to
conduct the financial transaction with property or funds that
involved the proceeds of some form of specified unlawful activity;

Third, that the defendant engaged in the transaction with
knowledge that the transaction involved the proceeds of some form of
unlawful activity; and

Fourth, that the defendant engaged in the financial
transaction with the intent to conceal or disguise the nature,
location, source, ownership, or control of the proceeds of specified
unlawful activity.

*Mazer.*

48

**REQUEST NO. 25**

**Count Four -- Money Laundering**
**First Element**

The first element of the concealment money laundering object of the conspiracy charged in Count Four of the Indictment is that the defendants knowingly conducted or attempted to conduct a financial transaction.

The term "conducts" includes the action of initiating, concluding, or participating in initiating or concluding a transaction.

A "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property or money.

The term "financial transaction" means (1) a transaction involving a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or (2) a transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments, or involves the transfer of title to any real property, vehicle, vessel or aircraft.

The term interstate commerce means commerce between any combination of states, territories or possessions of the United States.

*Mazer.*

### REQUEST NO. 26

### Count Four -- Money Laundering
### Second Element

The next element of concealment money laundering is that the financial transaction at issue involved property or funds that were the proceeds of some form of specified unlawful activity.

The term "proceeds" means any property or money that is derived from, or traceable to, or obtained as a result of, some other money, property or activity.

The term "specified unlawful activity" means any one of a variety of offenses defined by the statute.  In this case, the Government has alleged that the money involved in financial transactions at issue in this case was derived from or obtained as a result of GARY TANNER and ANDREW DAVENPORT's participation in the fraud, kickback, and bribery schemes charged in Counts One, Two, and Three of the Indictment.  I instruct you that, as a matter of law, the charges in these counts meet the definition of "specified unlawful activity."  But, you must determine whether the funds were the proceeds of that unlawful activity.

*Mazer*.

51

**REQUEST NO. 27**

**Count Four -- Money Laundering
Third Element**

The third element of concealment money laundering is that GARY TANNER and ANDREW DAVENPORT knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity, though not necessarily which form of activity that constitutes a felony under state or federal law.  Keep in mind that it is not necessary for all conspirators to believe that the proceeds came from the same unlawful activity; it is sufficient that each potential conspirator believed that the proceeds came from some unlawful activity.

*Mazer.*

52

**REQUEST NO. 28**

**Count Four -- Money Laundering
Fourth Element**

The fourth and final element of the concealment money laundering object of the conspiracy charged in Count Four of the Indictment is that GARY TANNER and ANDREW DAVENPORT acted with knowledge and intent that the transaction was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the illegal activity.  The terms I have just used have their everyday meaning.

If you find that the evidence establishes beyond a reasonable doubt that GARY TANNER and ANDREW DAVENPORT knew and intended that the transaction was designed, in whole or in part, to conceal or disguise the nature or location or source or ownership or control of the money in question, then this element is satisfied. Intent to conceal or disguise need not be the sole motivating factor.

However, if you find that GARY TANNER and ANDREW DAVENPORT knew of the transaction but did not know that it was either designed to conceal or disguise the true origin of the property in question, you must find that this element has not been satisfied.

Proof that the conspirators knew the purpose of the financial transaction was to conceal or disguise the location or ownership of the proceeds of unlawful activity may be established by

53

circumstantial evidence.   In other words, you are entitled to find from the circumstances surrounding the financial transaction what the purpose of the activity was and that the alleged conspirator knew of that purpose.

I remind you that those are the instructions for the substantive crime of money laundering.   Count Four of the Indictment charges the defendants with conspiracy to commit money laundering. You should follow my instructions on the law of conspiracy in determining whether the Government has proven beyond a reasonable doubt that the defendants engaged in a conspiracy to commit money laundering.

*Mazer*.   Adapted from   Sand, *Modern Federal Jury Instructions*, Instr. 50A-8, 50A-9, 50A-10.

54

**REQUEST NO. 29**

**Counts One, Three, and Four**
**Liability For Acts And Declarations Of Co-Conspirators**

With respect to the conspiracies charged in Counts One, Three, and Four of the Indictment, you will recall that I have admitted at this trial evidence of the acts and statements of other individuals who were not present because such acts were committed and such statements were made by a person who, the Government claims, was also a confederate or co-conspirator of the defendants.

The reason for allowing this evidence to be received against the defendants has to do in part with the nature of the crime of conspiracy. As I have said, a conspiracy is often referred to as a partnership in crime: as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant

55

whose guilt you are considering was a member of any of the conspiracies charged in Count One, Three, or Four of the Indictment, then, any acts done or statements made in furtherance of that conspiracy by persons also found by you to have been members of that conspiracy, may be considered against that defendant.  This is so even if such acts were done and statements were made in that defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who did or said them.

*Mazer*.  Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-9.

## REQUEST NO. 30

### Conscious Avoidance

As I have explained, all of the counts charged require the Government to prove that the defendants acted knowingly.  In determining whether the defendants acted knowingly, you may consider whether the defendant you are considering deliberately closed his eyes to what otherwise would have been obvious.

As you all know, if a person is actually aware of a fact then he knows that fact. But the law also allows you to find that a defendant had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact, but intentionally avoided confirming that fact. The law calls this "conscious avoidance" or "willful blindness."

In determining whether the Government has proven beyond a reasonable doubt that the defendant you are considering acted knowingly, you may consider whether that defendant deliberately closed his eyes to what would otherwise have been obvious to him. One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law. And a person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that because he deliberately avoided learning

57

explicitly what was obvious anyway, he did not know the incriminating fact.

Accordingly, if you find that the defendant under consideration was aware of a high probability that a statement was false or that a payment constituted a bribe, and that defendant acted with deliberate disregard of the facts, you may find that that defendant acted knowingly. However, if you find that a defendant actually believed that the statement was true or the payment was not a bribe, then guilty knowledge may not be inferred.

Let me explain further what the concept of willful blindness or conscious avoidance means with respect to the conspiracy charged in Counts One, Three, and Four of the indictment.

First, there is a difference between knowingly participating in a joint undertaking and knowing the object of that undertaking. "Conscious avoidance," as I have described it, cannot be used as a substitute for finding that a defendant knowingly agreed to a joint undertaking or knowingly attempted to commit a crime.

For example, it is logically impossible for a defendant to agree to join another person unless he knows that he has made such an agreement. However, if you find beyond a reasonable doubt that a defendant entered into such an agreement, in considering whether that defendant knew that the object of the conspiracy was to commit honest

services wire fraud, or Travel Act bribery, or money laundering, you may consider whether he deliberately avoided confirming otherwise obvious facts, that is, whether he deliberately closed his eyes to what otherwise would have been obvious.

However, you must remember that guilty knowledge may not be established by demonstrating that a defendant was merely negligent, reckless, foolish or mistaken. It is entirely up to you whether you find that either of the defendants deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

Adapted from the charge of the Honorable Kimba M.
Wood in *United States v. Skelos*, 15 CR 317 (KMW).

**REQUEST NO. 31**

**Venue**

In addition to the elements of the offenses alleged in the Indictment, you must also decide whether any act in furtherance the crimes charged occurred within the Southern District of New York. This means that you must decide whether the crimes charged, or any act committed to further or promote the crimes, occurred within the Southern District of New York.

The Southern District of New York includes Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan counties.

For the conspiracies charged in the Indictment, the Government does not need to prove that the underlying crime was committed in this district or that the defendant was present here. It is sufficient if any act in furtherance of the conspiracy occurred within this district.

I discuss the issue of venue separately from the elements of the crimes because it involves a different standard of proof.  On this issue of venue -- and this issue alone -- the Government must prove venue by a preponderance of the evidence, not beyond a reasonable doubt.  "Preponderance of the evidence" simply means "more likely than not."  In all other respects, you must find each and

60

every element of the offenses proved beyond a reasonable doubt before
you may find the defendant you are considering guilty of the
applicable offense.

Adapted from  Sand, *Modern Federal Jury Instructions*, Instr. 3-11.

## REQUEST NO. 32

## Variance in Dates and Amounts

As we have proceeded through the Indictment, you have noticed that it refers to various dates and amounts.  It does not matter if the Indictment provides that specific conduct is alleged to have occurred on or about a certain date and the evidence indicates that in fact it was on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

Similarly, if the Indictment charges that certain monetary amounts were involved, and the testimony or exhibits indicate that in fact different amounts were involved, it is sufficient if you find that the amounts involved are substantially similar to the amounts as alleged in the Indictment.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 3-12, 3-13.

62

## REQUEST NO. 33

### Persons Not on Trial

You may not draw any inference, favorable or unfavorable, toward the Government or the defendants from the fact that any persons in addition to the defendants are not on trial here.  You may also not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

*Seabrook; Coll; Stevenson.*  Adapted from  Sand, *Modern Federal Jury Instructions*, Instr. 3-4.

<u>REQUEST NO. 34</u>

<u>Defendant's Testimony</u>
<u>[Requested only if the defendant testifies]</u>

Now, the defendant in a criminal case does not have a duty to testify or come forward with any evidence.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

In this case, defendant [Name] did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from  Sand, *Modern Federal Jury Instructions*, Instr. 7-4.

<u>**REQUEST NO. 35**</u>

<u>**Defendant's Right Not to Testify**</u>
**[If applicable]**

The defendants did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove each defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendants.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant you are considering did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.


Sand, *Modern Federal Jury Instructions*, Instr. 5-21.

## REQUEST NO. 36

### Law Enforcement and Government Employee Witnesses

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the Government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

*Seabrook.* Adapted from  Sand, *Modern Federal Jury Instructions*, Instr. 7-16.

66

**REQUEST NO. 37**

**Character Witnesses**
**[If Applicable]**

During the trial, you heard testimony bearing on the character of [defendant's name(s)].  Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant you are considering.  Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed. But if, on considering all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant you are considering is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the witness's opinion as to the guilt or innocence of a defendant. The guilt or innocence of the defendant you are considering is for you alone to determine and that should be based on all the evidence you have heard in the case.

*Seabrook.*

67

## REQUEST NO. 38

### Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

*Stevenson; Skelos.*

## REQUEST NO. 39

## False Exculpatory Statements

## [If Necessary]

You have heard testimony that defendants GARY TANNER and ANDREW DAVENPORT have made certain statements in which they claimed their conduct was consistent with innocence and not with guilt.  The Government claims that these statements in which the on or both defendants exculpated themselves are false.  If you find that the defendant you are considering gave a false statement in order to divert suspicion from himself, you may infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged.  Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

In addition, you may consider these statements only against the defendant who made them, and may not consider them in evaluating the guilt or innocence of the other defendants.

Adapted from  Sand, *Modern Federal Jury Instructions*, Instr. 6-11.

69

## REQUEST NO. 40

### Evidence Obtained From Search

You have heard testimony that certain evidence presented at trial was seized by law enforcement officers pursuant to a search warrant.  You are not asked to approve or disapprove how this evidence was obtained.  This evidence was obtained in a lawful manner, and the evidence was admitted in this case and may be considered along with all the other evidence in the case in determining whether the Government has proved each defendant's guilt beyond a reasonable doubt.

*Skelos.*

**REQUEST NO. 41**

**Uncalled Witnesses -- Equally Available**
**[If Applicable]**

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

Adapted from  Sand, *Modern Federal Jury Instructions*, Instr. 6-7.

71

## REQUEST NO. 42

## Charts and Summaries - Admitted As Evidence
## [If Applicable]

Some of the exhibits that were admitted into evidence were in the form of charts and summaries.  I decided to admit these charts and summaries in place of, or in addition to, the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.


Adapted from  Sand, *Modern Federal Jury Instructions*, Instr. 5-12.

72

**REQUEST NO. 43**

**Summary Charts - Not Admitted as Evidence
[If Applicable]**

There also have been a number of summary charts and exhibits introduced merely as a summary and analysis of testimony and documents in the case.  The charts and exhibits act as visual aids for you.  They are not, however, evidence in themselves.  They are graphic demonstrations of underlying evidence.  It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts.  To the extent that the charts conform to what you determine the underlying facts to be, you should accept them.  To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

*Seabrook.*

73

## REQUEST NO. 44

## Stipulations

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.

Adapted from Sand, *Modern Federal Jury Instructions*, Instrs. 5-6, 5-7.

<u>**REQUEST NO. 45**</u>

<u>**Particular Investigative Techniques Not Required
[If Applicable]**</u>

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by law enforcement authorities.  There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

*Seabrook; Coll; Stevenson.*

75

## REQUEST NO. 46

### Sympathy: Oath as Juror

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: Has the Government proven the guilt of the defendant you are considering beyond a reasonable doubt.

It is for you and you alone to decide whether the Government has proven that the defendant is guilty of the crime charged, solely on the basis of the evidence and subject to the law as I have instructed you.  It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you should not hesitate to render a verdict of acquittal.  But, on the other hand, if you should find that the Government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

76

**REQUEST NO. 47**

**Conclusion**

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of each defendant with respect to each count of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do not report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open Court.  In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

*Seabrook; Stevenson.*

Dated:    New York, New York
          March 12, 2018

                          Respectfully submitted,

                          GEOFFREY S. BERMAN
                          United States Attorney for the
                          Southern District of New York


                   By:    _____/s/_____
                          Robert Allen
                          Richard Cooper
                          Amanda Kramer
                          Assistant United States Attorneys
                          (212) 637-1027/2216/2478