# WilmerHale

**Howard M. Shapiro**

+1 202 663 6606 (t)
+1 202 663 6363 (f)
howard.shapiro@wilmerhale.com

May 8, 2018

**BY ECF**

The Honorable Loretta A. Preska
United States District Judge
United States District Court for the
  Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *United States v. Gary Tanner and Andrew Davenport*, No. 17-cr-61 (LAP)

Dear Judge Preska:

On behalf of both defendants, we write to request that the Court reconsider an evidentiary ruling made in this case on Friday, May 4, 2018.

During cross-examination of government witness Seana Carson, the defense sought to introduce into evidence an email—DX 161—that was forwarded to Ms. Carson by Laizer Kornwasser in December 2013.  *See* Ex. A.  The subject line of the underlying email (DX 162), which was sent by Mr. Tanner to Mr. Kornwasser, reads "Financial Summary/Transition."  *Id.* In the underlying email, which contains an attachment with two tabs, Mr. Tanner addressed two topics with Mr. Kornwasser, his supervisor at the time.  *See* Ex. B.[1]  First, he noted that one of the tabs of the attachment provides a financial summary relating to the transition of two Valeant employees, Dean Griffin and Alison Pritchett, to Philidor.  *Id.*  Second, he advised that the second tab provides an overview of how the "notable areas of responsibility" would be allocated between two other Valeant employees, Bijal Patel and Fred Hockenjos, who would remain at Valeant and continue to work on Philidor-related matters.  *Id.*  In the final sentence of the second enumerated paragraph, Mr. Tanner stated that he could provide "consulting support" for those "notable areas of responsibility" "on just a reasonable monthly flat rate basis that we can discuss if you [Laizer] think this is a reasonable proposal."  *Id.*   This email, which suggests, at a minimum, that Mr. Tanner was willing to *leave* Valeant in 2013, refutes one of the government's core positions.  As the government's opening argument made clear, the express theory of the prosecution's case is that Mr. Tanner planned to remain with Valeant as a "double-agent," "a man on the inside, a mole" throughout the course of the alleged conspiracy.  Tr. 86.

The government objected to admission of the email on hearsay grounds.  Tr. 362.  The defense responded that the email was admissible both because it is not hearsay and even if it

---

[1] The defense has not yet offered DX 162, Ex. B, into evidence.

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Palo Alto    Washington

were considered hearsay, it should be admitted because it falls under the state-of-mind exception to the hearsay rule. *Id.* at 364. The Court sustained the government's objection.

For the following reasons, the defense respectfully submits that the exclusion of the exhibit was erroneous and should be reconsidered.

I.   THE EMAIL IS NOT HEARSAY

An out-of-court statement is hearsay only if it is offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). A statement offered for any other purpose, "such as to show that the statement was made, to demonstrate the statement's effect on the listener, or to show the circumstances under which subsequent events occurred, is not hearsay." *United States v. Certified Environmental Services, Inc.*, 753 F.3d 72, 89 (2d Cir. 2014) (citing *United States v. Puzzo*, 928 F.2d 1356, 1365 (2d Cir. 1991); *United States v. Kohan*, 806 F.2d 18, 22 (2d Cir. 1986); and *United States v. Pedroza*, 750 F.2d 187, 200 (2d Cir. 1984)). In other words, if the purpose for which the statement is offered would be served regardless of whether the assertions made in the statement are true, then the statement is not hearsay.

That is the situation here, because the defense's purpose in offering the email was not to establish the truth of the assertions made in the email. The only factual assertions in the email were that Mr. Tanner's responsibilities could be divided between two specific employees in his absence, and that certain areas would require his ongoing consulting support. Whether those assertions are true or not has no bearing on the defense's case, and hence the defense is not seeking to prove the truth of those statements. For that reason, the defense would (as elaborated below) have no objection to the Court instructing the jury accordingly.

This Court stated, however, that the email "is being offered for the truth of [Mr. Tanner's] offer to leave." Tr. 365. While one sentence in the email supports the *inference* that Mr. Tanner was willing to leave Valeant, a statement is not hearsay merely because it is circumstantial evidence of a fact not asserted in the statement itself. *See* Fed. R. Evid. 801(c) (hearsay is an out-of-court statement offered "to prove the truth of the matter asserted *in the statement*" (emphasis added)). Were that not the case, virtually every statement could be deemed hearsay. That, of course, is not the law. *See United States v. Rowland*, 826 F.3d 100, (2d. Cir. 2016) (holding that messages were not hearsay even though the existence of the messages supported the inference that defendant "was taking initiative to communicate" with corporate officer).

The email was offered for two non-hearsay purposes. First, the statements were introduced to show that Mr. Tanner made them (i.e., irrespective of their truth). The fact that Mr. Tanner sent an email in December 2013 discussing the logistics of his possible departure from Valeant is critical to the defense (again, whether or not the assertions made in the email are true). That fact is critical because it shows that (1) Mr. Tanner's possible departure from Valeant was discussed, (2) this discussion occurred in December 2013, and (3) Mr. Tanner participated in that discussion in a way that would facilitate his departure. Because none of those conclusions turn on the "truth of the matter asserted" in the email, the statements therein are not hearsay.

That is confirmed by *United States v. Rowland*. There, the defendant comparably "sought to introduce e-mails and text messages that he wrote" to the company's Chief Operating Officer about matters related to the company. *Rowland*, 826 F.3d at 114. The district court excluded the messages as hearsay, but the Second Circuit concluded that the defendant's

"purpose in offering the writings was not to establish the truth" of the assertions about the company in the messages. Instead, the defendant offered them to establish that he was working at the company and "taking the initiative to communicate with the" COO. *Id.* The Second Circuit therefore held that the district court had erred in excluding the statements.

Second, the email here was offered to show its effect on the listener, namely to establish that Mr. Kornwasser and Ms. Carson were aware of the email and its contents in December 2013. During her cross-examination, the defense asked Ms. Carson whether she was aware in December 2013 of a discussion about Mr. Tanner leaving Valeant to become an employee of Philidor. She responded that she could not recall if she ever participated in a "specific discussion about his leaving," nor could she recall when his departure was discussed. Tr. 360. Whether or not the assertions in the email are true, the email establishes that Ms. Carson was aware, at least in December 2013, that Mr. Tanner, was, at a minimum, willing to leave Valeant. *Cf. United States v. Dupree*, 706 F.3d 131, 137 (2d Cir. 2013) (finding no hearsay where the mere fact that the defendant heard a statement made it "less likely that [the defendant] … could be unaware" of facts upon which the statement was based).

II.  **The Email Is Admissible Under The State-Of-Mind Exception To The Hearsay Rule**

Even if the Court were to conclude that the email constitutes a statement by Mr. Tanner that he planned or intended to leave Valeant offered for its truth—therefore qualifying as hearsay pursuant to Federal Rule of Evidence 801—the email would still be admissible. While hearsay is "[g]enerally … not admissible," that general rule is far from absolute. *United States v. Cardascia*, 951 F.2d 474, 486 (2d Cir. 1991) ("Of course, … all hearsay is not automatically inadmissible at trial."). The Federal Rules of Evidence recognize numerous exceptions to the prohibition against hearsay. *See* Fed. R. Evid. 803. If one of those exceptions applies, the rule against hearsay is overcome and an out-of-court statement can be admitted to prove the truth of the matter asserted therein. *See Davis v. Velez*, 797 F.3d 192, 200 (2d Cir. 2015) (hearsay "is generally not admissible unless permitted by an exception provided in the Federal Rules of Evidence").

Under a long-established exception to the hearsay rule, out-of-court statements "reflecting a declarant's intentions or future plans are admissible" to show that the declarant acted in accordance with those intentions or plans. *United States v. Nersesian*, 824 F.2d 1294, 1325 (2d Cir. 1987); *see also, e.g.*, *United States v. Best*, 219 F.3d 192, 198 (2d Cir. 2000) ("A declarant's out-of-court statement as to his intent to perform a certain act in the future is not excludable on hearsay grounds."). This exception is codified in Federal Rule of Evidence 803(3), which provides that "[a] statement of the declarant's then existing state of mind ... such as intent" is "not excluded by the hearsay rule." The rationale behind the rule that contemporaneous statements about present intent or a "present state of mind will [likely] be superior in evidentiary value to the declarant's later testimony on the same point." Wright & Miller, 30B Fed. Prac. & Proc. Evid. § 6832 (2018 ed.). That exception is particularly applicable here, given that the parties' dispute regarding Mr. Tanner's intent lies at the heart of this case. Mr. Tanner's statements about his intentions in December 2013 can thus be admitted to show that he was willing to leave Valeant at that time. While the government will argue that the sentence at issue is a self-serving statement by a defendant that should be excluded, that is not the case. The statement at issue concerns areas of consulting support needed by Valeant and the

May 8, 2018  
Page 4

WILMERHALE

manner by which Mr. Tanner could ensure they are addressed. It does not bear any of the indicia of self-serving and unreliable statements of defendants that are typically excluded as hearsay. For these reasons as well, we respectfully request that the Court should reconsider its ruling.

### III.   ANY HEARSAY CONCERNS CAN BE ADDRESSED WITH A LIMITING INSTRUCTION

The defense believes there is no danger that the jury would consider the statements contained in the email for any improper purpose. But to the extent the Court concludes otherwise, it should admit the email and deliver a limiting instruction rather than exclude the email altogether. For example, the Court could instruct the jury that it cannot consider Mr. Tanner's statements in the email as proof that his predictions about his responsibilities or Valeant's continued need for his consulting service were correct. Such an instruction would suffice because "[a]bsent evidence to the contrary, [courts] must presume that juries understand and abide by a district court's limiting instructions." *United States v. Downing*, 297 F.3d 52, 59 (2d Cir. 2002).

\*   \*   \*

Defendants respectfully request that the Court reconsider its ruling regarding the admissibility of DX 161.

Respectfully submitted,

/s/ Howard M. Shapiro

Howard M. Shapiro

cc:  Counsel of record (by CM/ECF)