UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
                                              :

UNITED STATES OF AMERICA            :        **FINAL ORDER OF FORFEITURE**

              -v.-                            :        S1 17 Cr. 61 (LAP)

GARY TANNER,
       a/k/a "Brian Wilson,"              :

                Defendant.          :

------------------------------------ X

        WHEREAS, on or about October 31, 2028, this Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 210), which ordered the forfeiture to the United States of all right, title and interest of GARY TANNER (the "Defendant") in the following properties:

    a. Any and all assets on deposit in Bank of America Account 457028452393, held in the name of Briefelse Consolidate LLC;

    b. Any and all assets on deposit in Bank of America Checking Account 000092882679, held in the name of Passiskydd Trust;

    c. Any and all assets on deposit in Bank of America Savings Account 004377113260, held in the name of the Passiskyand Trust;

    d. Any and all assets on deposit in Bank of America Checking Account 457033885890, held in the name of Tanner Financial Services;

    e. Any and all assets on deposit in Wells Fargo Advisors Account 6399-3279, held in the name of the Passiskyand Trust;

    f. Any and all assets on deposit in Wells Fargo Advisors Account 2239-2233, held in the name of Passiskyand Trust;

    g. Any and all assets on deposit in TD Ameritrade Account 173-554700, held in the name of Gary Tanner; and

    h. The real property and appurtenances known and described as 810 N. Chaparral Pines Drive, Payson, Arizona, 8554

(a. through h., collectively, the "Specific Property");

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Properties must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The Preliminary Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov) beginning on November 29, 2018, for thirty (30) consecutive days, through December 28, 2018, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on December 20, 2021 (D.E. 277);

WHEREAS, on or about March 25, 2021, the Court entered an Amended Preliminary Order of Forfeiture as to Specific Property/Money Judgment amending the

2

Preliminary Order of Forfeiture to make the Defendant's Money Judgment joint and severally liable with co-defendant Andrew Davenport (D.E. 260);

WHEREAS, on or about August 16, 2021, notice of the Preliminary Order of Forfeiture was sent by certified mail, return receipt requested, to:

>Abbey Rae Tanner
>Gilbert, AZ 85234
>
>Passiskydd Trust
>Gilbert, AZ 85234

(the "Noticed Parties");

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Specific Property have been filed;

WHEREAS, the Defendant and the Noticed Parties are the only individuals and/or entities known by the Government to have a potential interest the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

3. The United States Marshals Service (or its designee) shall take possession of the Specific Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
December 20, 2021

SO ORDERED:

Dated:   December 21, 2021    *Loretta A. Preska*
         New York, New York   HONORABLE LORETTA A, PRESKA
                              UNITED STATES DISTRICT JUDGE

4